FILED

UNITED STATES DISTRICT COURT
FOR THE ~~NORTHERN~~ DISTRICT OF ALABAMA
*NORTHERN* ~~MIDDLE~~ ~~to~~ *SOUTHERN DIVISION*

2007 FEB 12 PM 2 05

Regina Bey-Wright,          *
Plaintiff,      COURT       *
   N.D. OF ALABAMA           *     Case No. 2:06-cv-282-KOB
-vs-                        *
                            *
L-3 Communications, LLC. Et. Al.,  *
Defendants.                 *

_____

PLAINTIFF'S PRO SE MOTION TO REINSTATE THE ORIGINAL
CIVIL RICO COMPLAINT UNDER  THE RELATION BACK AMENDMENT
OF RULE 15(c) FEDERAL RULES OF CIVIL PROCEDURE

_____

*PERSONA RD*

Comes now Regina Bey-Wright, proceeding In Propria and
Pro-se in the above styled action and numbered cause, to be
referred herein after as "Plaintiff" respectfully moving this
honorable court with this particularized motion requesting
leave to reinstate the originally filed Civil RICO complaint.
Plaintiff makes this request under the provisions of the
Relation back Amendment of 15(c) of the Federal Rules of
Civil Procedure. In support of this motion plaintiff hereby
aver as follows:

**PROCEDURAL BACKROUND SUMMARY**

On or about June 21, 2005, plaintiff initiated a
complaint with her employer defendant. [1/]  On or about
December 9, 2005, plaintiff received a copy of her "Right to
Sue" notice, that was dated December 5, 2005.

_____

[1/]Ms. Bey-Wright followed the administrative procedures by filing her
complaint through the proper channels. C.f., Supervisor Human
Resources and Office of Equal Employment Opportunity Commission (EEOC)

On or about February 8, 2006, plaintiffs civil RICO complaint was filed, [2/] in and to this honorable court. After being further placed in fear of losing her job, and further retaliation based on coercion, threats and intimidation by defendant's, plaintiff caused a hand written letter to be filed requesting "to make a motion to dismiss and retrieve my civil RICO complaint that was filed on February 8, 2006." On or about March 6, 2006, an order was issued by this court signed by the Honorable Judge Karon O'Bowdre, USDJ, granting plaintiff's motion to dismiss, thereby dismissing the action "without prejudice."

It is respectfully argued, that there is the compelling fact that defendants named in this civil action have continued in a conspiratotial agreement and manner to discriminate and further prosecute acts of reprisal, intimidation, coercion, and conversion against plaintiff in actions that violate her constitutionally protected rights, and obstructs justice.

Plaintiff respectfully asserts that the course of events occurring before and after the commencement of the original civil action RICO complaint, have made clear the affordable right to relief.

---

[2/] Ms. Bey-Wright's deadline time to file her action within 90 day period under Title VII would have tolled to March 9, 2006, from the time she received it.

Plaintiff proceeding in the Pro se forum, [3/] refers to paragraph (c)(1) of Rule 15 Federal Rules of Civil Procedure, which is a new provision intended to make clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. **Walker -vs- Armco Steel Corp.,** 446 U.S. 740 [64 L. Ed. 2d 659] (1980). If federal jurisdiction is based on a federal question, the references may be to the law of the state governing relations between the parties. E.g., **Board of Regents -vs- Thomanio,** 446 U.S. 478 [64 L. Ed. 2d 440] (1980).

Whatever may be the controlling body of limitations law, if that law affords a more foregiving principal of relation back than the one provided in this rule, respectively, it should be available to save this claim. Accord **Marshall -vs- Mulrenin,** 508 F. 2d 39 (1st Cir. 1974).

It is respectfully asserted, that when sought from the court by motion, leave to amend "should be freely given when justice so requires."

---

[3/] Ms. Bey-Wright has invoked the provision of **Haines -vs- Kerner,** 404 U.S. at 519 in her original action complaint, as well as any subsequent pleadings during and until such time the full appointment or assistance of legally competent and trained counsel on behalf of the plaintiff is provided by the court.

In **Foman -vs- Davis,** 371 U.S. 178, 9 L. Ed. 222, 83 S. Ct. 227 (1962), the Supreme Court interpreted this language as providing that leave to amend should be granted, in the absence of bad faith, unless the adverse party will be prejudiced by the additional expense, or the addition of new issues would confuse the jury.

Wherefore, the plaintiff prays that this most honorable court will grant this motion to reinstate the original civil action, as it reasonably states a tenable claim for relief and would prevent a manifest miscarriage of justice.

Respectfully,

Regina Bey Wright
In Propria Persona
and Pro se
12? Trent Rd.
Enterprise, AL

-4-

FILED

2007 Feb-14 AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Regina Bey-Wright, | * | |
| Plaintiff – Petitioner, | * | |
| | * | |
| Vs | * | Civil No. |
| | * | **RICO COMPLAINT** |
| L-3 Communications, LLC | * | Conspiracy to Violate Civil Rights, |
| Army Fleet Support, LLC | * | Violation of Civil Rights, |
| George Hickman, | * | Racial Discrimination in The Workplace |
| Ken Demarko, | * | Sexual Harassment, Trespass, Conversion, |
| Stephanie McGarvey, | * | Intentional Infliction of Emotional Distress, |
| Lori Drysdale, | * | Slander, Defamation of Character, Libel, |
| Verlene Bell-Foster, | * | Negligent Infliction of Emotional Distress; |
| Edward Brown, | * | AND for DECLARATORY JUDGMENT |
| Harry Smith, | * | and INJUNCTION |
| William Parsons, | * | |
| Marlin Brandon, | * | |
| Dan Newlan, | * | |
| Lex Morrill, | * | |
| Chuck Pritchett, | * | |
| Alicia Lightner, | * | |
| Ruby Elder, | * | |
| Cassandra Ferguson, | * | |
| Diana Moore, | * | |
| John Doe One, | * | |
| John Doe Two, | * | |
| Jane Doe One, | * | **JURY TRIAL DEMANDED** |
| Jane Doe Two, | * | |
| Respondent - Defendant(s) | * | |

---

## FIRST AMENDED COMPLAINT

Regina Bey-Wright proceeding In Propria Persona, and Pro se,[1] in the above styled action

and numbered cause to be referred to hereinafter as "Plaintiff", respectfully moves this most

---

[1] See Haines v. Kerner, 404 U.S. 519, 520 S.Ct. 594, 30 L.Ed 2d 652 (1972) ("[A]llegations such as those ascertained by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence").

Honorable Court with her First Amended Complaint of a Civil R.I.C.O. Action, against the above named defendant's and hereby avers as follows:

## FOLLOW UP OF THE PRELIMINARY STATEMENT

1) This action originally came before this Most Honorable Court as a CIVIL action R.I.C.O. complaint filed by Regina Bey-Wright the Plaintiff herein, who is a civilian government employee of Army Fleet Support P.O. Box 620309, a division of L-3 Communications a civilian contractor at Fort Rucker, Alabama 36362. This complaint is filed against Army Fleet Support ("AFS"), L-3 Communications, George Hickman, Ken Demarko, Stephanie McGarvey, Lori Drysdale, Verlene Bell-Foster, Edward Brown, Harry Smith, Lex Morrill, Chuck Pritchett, Alicia Lightner, Jackie Addison, Marlin Brandon, Dan Newlan, Johnny Green, William Parson, Ruby Elder, Cassandra Ferguson, John Doe One, John Doe Two, Jane Doe One, Jane Doe Two and other defendants who will be further identified as this civil action complaint progresses.

2) This action was respectfully submitted to this honorable court for docketing and filing on or about January 30, 2006, which was within the 90 day period stated as a requirement for a timely filing through the "Right To Sue" letter Under Tile VII, afforded Plaintiff through the Birmingham office of the Equal Employment Opportunity Commission ("EEOC"), attached herewith as Exhibit A-1.

3) Plaintiff prosecutes this civil action against the named defendants under their individual as well as official capacities, and seeks monetary and punitive damages against said defendants, for their activity and involvement in a continued conspiracy to violate plaintiffs civil and constitutionally protected rights. Defendants acts and/or actions involve and amounts to acts of racial discrimination and an active conspiracy and cover

up of same in the work place, coupled with additional acts of condoning thereof, through acts of reprisal and cover-up.

4) This action seeks to further prevent and redress the rights, privileges and immunities secured by the Constitution for the State of Alabama and the laws thereof, under common law principles, and to obtain recovery for damages proximately caused by defendant's in so violating those rights and principles. The Plaintiff seeks to incorporate by reference the original complaint, for support of this action.

5) Plaintiff hereby incorporates and brings the following additional claims in this first amended action:

    I.  The Fourth Amendment Violation (Unreasonable Search and Seizure; Privacy) against defendant Hickman, for invading plaintiff's personal property, through an act of inappropriate and/or sexual harassment, through a reasonably inferred racial discriminatory motive in the work place, when he intentionally and maliciously touched plaintiff's breast;

    II.  Under the Fourth Amendment Violation against defendant's L-3 and AFS, for condoning and/or failing to correct or initiate sanctions for a deliberate act of unlawful and unreasonable search and seizure, by way of inappropriate touching that amounts to sexual harassment, by way racially discriminatory means, by its employees in management positions, further involving invasion of privacy, racial discrimination and sexual harassment;

    III.  Fifth Amendment Violation (Due Process, Privacy) by all defendant's Army Fleet Support, Ken Demarko, Code of Ethics Officer, for AFS; Verlene Bell-Foster, Equal Employment Opportunity ("EEO") investigator for AFS; Stephanie

McGarvey, Supervisor of AFS; Edward Brown, Code of Ethics Officer, for AFS; Lex Morril, Supervisor of AFS; William Parson, Field Manager of AFS; Marlin Brandon, Project Manager of AFS, Newlan Production Manager of AFS, John Doe One, Husband of Stephanie McGarvey, as well as other John and Jane Does not identified at this time;

IV. Fifth Amendment Violation (Due Process; Privacy) by all named defendant's against plaintiff;

V. Eighth Amendment Violation (Cruel and Unusual Punishment) by all named defendants against plaintiff;

VI. Conspiracy to Violate the Fourth, Fifth, and Eighth Amendments by all named defendants against plaintiff;

VII. Trespass by defendant's Hickman, Demarko, Bell-Foster, McGarvey, and John Doe One;

VIII. Conversion by all defendant's against plaintiff;

IX. Violation, by defendant's in supervisory, investigative, and employee positions of the Governing Rules of Employee Conduct, and Professional Ethics;

X. Intentional infliction of Emotional Distress by Defendants Hickman, McGarvey, Demarko, Bell-Foster, Smith, Drysdale, Brown, Morrill, Pritchett, Lightner, Brandon, Newlan, Green, Parson, and John Doe One against Plaintiff;

XI. Negligent infliction of Emotional Distress by Defendants Hickman, McGarvey, Demarko, Bell-Foster, Smith, Drysdale, Brown, Morrill, Pritchett, Lightner, Brandon, Newlan, Green, Parson, and John Doe One against plaintiff's protected constitutional and civil rights;

XII.   Declaratory Judgment against all Defendants, on behalf of Plaintiff; and

XIII.   Injunction against all defendants on behalf of plaintiff.

## JURISDISTION AND VENUE

6)   The Plaintiff hereby stands on the "Jurisdictional and Venue" statement of the original complaint, insofar as a substantial question of Federal Law is involved, arising under the United States Constitution, in particular, the Fourth, Fifth and Eighth Amendments thereto. Subject matter jurisdiction is vested in § 1964 (c) of R.I.C.O., Title 18 U.S.C. § 1964, as the named defendant's initiated an organized effort collectively and individually, to violate plaintiff's civil rights.

7)   Jurisdiction is vested under 18 U.S.C. 1961; Personal jurisdiction pursuant to 18 U.S.C. § 1965 (a); Supplemental jurisdiction in vested 28 U.S.C. § 1367 (a); and Article III of the United States Constitution; Venue pursuant to 28 U.S.C. § 1391 and 18 U.S.C.  § 1965 (a); There is no jurisdictional amount required in connection with 28 U.S.C. § 1331, and 1367 (a), the amount in controversy, exclusive of interest, troubled damages, and costs, far exceeds the sum of $50,000.00. The Civil RICO defined under 18 U.S.C. § 1964 (c) affords a successful plaintiff the opportunity to obtain treble damages and attorney fees.[2]

## PARTIES

8)   Plaintiff Regina Bey-Wright is a civilian employee of Army Fleet Support, a division of L-3 Communications, a civilian government contract at Fort Rucker, Alabama. Plaintiff is a United States Citizen residing in the Township of Enterprise, within the State of Alabama.

---

[2] The attorney fees at present, since Ms. Bey-Wright is prosecuting this action pro se, would amount to the costs of litigation and a respective hourly fee, that will be further enhanced upon the joining of standby and/or retained legal counsel.

9)     Defendants Army Fleet Support, on information and belief is a party and part of a corporation called L-3 Communications, which is incorporated and subject to federal law,[3] and the laws of the state of Alabama. These named defendants are presently authorized to, and doing business under government contracts at the United States Army, Military Post located at Fort Rucker, Alabama. At all times relevant to this complaint, Army Fleet Support, herein after "AFS" was and is engaged in the business of safety, service, maintenance and repair of helicopters stationed at the Fort Rucker Military Post, within this judicial district, and being sued in its official capacity.

10)     Defendant George Hickman ("Hickman") was, at all times relevant to the allegations of this complaint, a Environmental Health and Safety officer and/or Management staff employee of AFS, under the purview of L-3 Communications. Upon information and belief, defendant Hickman is a resident of the State of Alabama. George Hickman is being sued individually and as an agent, servant or employee of AFS/L-3 Communications and in his official capacity. Defendant Hickman enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations.

11)     Defendant Ken Demarko ("Demarko") was, at all times relevant to the allegations of this complaint, working in the capacity of a Code of Ethics Officer, of AFS under the purview of L-3 Communications. Demarko was and is responsible for providing and maintaining an unbiased, impartial and complete investigation, and recommendation for sanctions of an employee or employee's who are reported to be in violation of another employee's civil or rights governing discrimination and harassment in the workplace. Upon information and

---

[3] Any corporation doing business within the continental United States is subject to the Federal laws and restrictions thereof.

belief, defendant Demarko is a resident of the State of Alabama. Ken Demarko is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity.

12)    Defendant Demarko, acting in his individual capacity, and under the color of his official capacity has initiated and maintained recent actions,[4] in which he further compromised his responsibility as an COE officer. Specifically, defendant Demarko called a meeting with all of the employees and named conspirators of this civil action. Through understanding and belief, it is asserted that these actions are contrary to his COE investigative responsibilities. Defendant Demarko is maintaining the cover up, and/or conversion of the civil rights violations asserted herein.

13)    Defendant Demarko initiated and enjoined a conspiratorial meeting with other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

14)    Defendant Harry Smith ("Smith") was, at all times relevant to the allegations of this complaint is an employee of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under his control and supervision. Harry Smith is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity.

---

[4] The recent actions of Defendant Demarko took place after the Civil Action R.I.C.O. was filed, and upon his belief and understanding as a defendant.

15)     Defendant Smith enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

16)     Defendant Stephanie McGarvey ("McGarvey") is hereby being removed from this action, "without prejudice", pursuant to the United States Commercial Code ("UCC") § 1-207, by this amended complaint, although she has participated in the initial actions prosecuted against plaintiff's civil rights. Stephanie McGarvey was being sued individually, and as an agent, servant or employee of AFS/L-3 Communications, as well as in her official capacity.

17)     Defendant Lori Drysdale ("Drysdale") was, at all times relevant to the allegations of this complaint an employee of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's. Lori Drysdale is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in her official capacity.

18)     Defendant Drysdale enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

19)     Defendant Verlene Bell-Foster ("Bell-Foster") was, at all times relevant to the allegations of this complaint an Equal Employment Opportunity Commission Investigator for AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Bell Foster is vested with

the authority and responsibility to conduct a fair, complete, and unbiased investigation of a complaint of discrimination and/or sexual harassment in the workplace. Bell Foster is being sued individually as well as in her official capacity.

20)      Defendant Edward Brown ("Brown") is hereby being removed from this action, "without prejudice", pursuant to the United States Commercial Code ("UCC") § 1-207, by this amended complaint, although he has participated in the initial actions prosecuted against plaintiff's civil rights. Edward Brown was being sued individually, and as an agent, servant or employee of AFS/L-3 Communications, as well as in his official capacity. Communications, as well as in his official capacity.

21)      Defendant John Doe One (Stephanie McGarvey's Husband) as referenced herein, is being withdrawn from this action, "without prejudice" pursuant to the United States Commercial Code ("UCC") § 1-207, although the acts and or actions referenced in the original complaint remain factual, in that this defendant came into plaintiff's area of the government work site and in a conspiratorial agreement initiated an act of intimidation against plaintiff in the work place. The action of John Doe One amounts to intimidation, as well as reprisal and/or retaliation with the expressed knowledge, and in a conspiratorial agreement with defendant Stephanie McGarvey, based on belief and understanding of his knowledge of an EEOC (Civil rights) complaint. John Doe One was being sued individually, and as an agent, servant or within an active conspiracy with an employee (Stephanie McGarvey) AFS/L-3 Communications, acting in her official capacity.

22)      Defendant Jackie Addison ("Addison") was, at all times relevant to the allegations of this complaint an Equal Employment Opportunity Commission Investigator for AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work

environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Addison is vested with the authority and responsibility to conduct a fair, complete, and unbiased investigation of a complaint of discrimination and/or sexual harassment in the workplace. Addison is being sued individually as well as in her official capacity.

23)     Defendant Addison enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

24)     Defendant William Parsons, was, at all times relevant to the allegations of this complaint a Field Manager of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

25)     Defendant Parsons enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

26)     Defendant  Marlin Brandon was, at all times relevant to the allegations of this complaint a Project Manager of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

27)     Defendant Brandon enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

28) Defendant Dan Newlan, was, at all times relevant to the allegations of this complaint a Production Manager of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

29) Defendant Newlan enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

30) Defendant Lex Morrill, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

31) Defendant Morrill enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

32) Defendant Chuck Pritchett, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

33) Defendant Pritchett enjoined a conspiratorial meeting with Defendant Demarko and other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

34) Defendant Alicia Lightner, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a

professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

35) Defendant Lightner enjoined a conspiratorial meeting with other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

36) Defendant Johnny Green, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

37) Defendant Green enjoined a conspiratorial meeting with other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

38) Defendant Ruby Elder, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

39) Defendant Elder enjoined a conspiratorial meeting with  other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

40) Defendant Cassandra Ferguson, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

**41)** Defendant Ferguson enjoined a conspiratorial meeting with other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

**42)** Defendant Diana Moore, was, at all times relevant to the allegations of this complaint a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

**43)** Defendant Moore enjoined a conspiratorial meeting with other named defendants in the cover up and conversion of plaintiff's civil rights violations after the instant civil complaint was filed in an act commensurate with obstruction of justice.

## PROCEDURAL BACKGROUND

The plaintiff incorporates the initial procedural background as referenced in the original complaint, and hereby further avers as follows:

This the continuation of a civil action complaint, that can, and will affirmatively demonstrate certain civil and constitutional rights violations, concerning discrimination in the work place, trespass of plaintiff's right to be free from inappropriate touching (inferred sexual harassment); conversion and conspiratorial cover-up of a civil rights complaint and retaliatory actions prosecuted against plaintiff, in that she has been denied equal employment opportunities. This complaint is ongoing and will continue to be developed during the course of the discovery process and interrogatories.

Plaintiff initially reported this violation of her civil rights by way of a complaint to Army Fleet Support on or about June 21, 2005, who stated on or about July 7, 2005, that George Hickman's behavior was not the point to where it violated Title VII of Army Fleet Support Equal

-13-

Employment Opportunity.[5] This action concerns matters that involve the action in which plaintiff initiated a complaint against supervisory employee George Hickman of AFS, on or about June 21 2003. The Birmingham Office of the EEOC mailed plaintiff with a "Right to sue letter" on about December 5, 2005, of which plaintiff did not receive until on or about December 9, 2005, to wit this pleading and complaint is deemed timely filed.

The aftermath of this action had been ongoing, in that plaintiff has been subjected to acts of reprisal and cover up by named defendants. It has become clear from the filing of the Civil R.I.C.O. action complaint, the all of the named defendants have been made aware of the prosecution of this ongoing action.

The RICO action involves a violation of civil rights, and federal law, in that plaintiff has been discriminated against in the workplace, and there has been active obstruction of justice in these regards that violated plaintiffs rights; The defendant's have in an organized effort, collectively and individually, controlled job assignments, transfers, and opportunity for overtime pay, that is an activity that effects commerce; as well as additional violations that will affirmatively support this RICO complaint. The purpose of identifying and clarifying the actions of defendant Hickman, and the other named defendant's will be further developed in the subsequent amended complaints from the written record[6].

## SUPPORTING AUTHORITIES

The Plaintiff asserts that he is well aware of the requirements of <u>Porter v. Nussle</u>, 122 S. Ct. 983 (2002), and <u>Booth v. Churner</u>, 121 S. Ct. 1891 (2001). "No action shall brought with

---

[5] Conclusive evidence exists that indicates falsification of government documentation, in violation of the federal rules of criminal procedure.

[6] The written record referred to herein, revolves around the e-mail, accompanying correspondences between AFS supervisory and investigative staff, as well as the EEOC complaint that was filed.

respect to working conditions under section 42 U.S.C. § 1983,[7] or 28 U.S.C. § 1331[8] of the Title, or any other Federal law, until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997 (e) (a). The Plaintiff asserts that the administrative remedy process has been completed, and she has been issued a "Right to Sue" Letter from the EEOC, based upon actions that are the foundation for this civil complaint.

The second part of this complaint, to be amended hereafter, is to state a claim for the mental aguish as a direct result of the actions of the named defendants. Plaintiff has already suffered and still being subjected to the injuries that are the foundation of this complaint pursuant to a 42 U.S.C. § 1983, and 28 U.S.C.§ 1331(a) Bivens Action; as well as 18 U.S.C. § 1964 to which relief is warranted. That the defendants have violated two or more acts under state and federal statutes that will affirmatively support the RICO action complaint.

The third part of this complaint to be amended hereafter is to assert that suffering from the negligence of defendants to correct the workplace conditions. Not only have named defendant's failed to correct and/or refrain from acts or actions that are the subject to this complaint, but also said defendants are prosecuting additional actions of threats, intimidation, and conversion against plaintiff, in violation of the Fourth, Fifth and Eighth Amendments.

The Plaintiff asserts that this action is being prosecuted against the defendants in their individual, as well as official capacities. This complaint is based on acts or actions in which the defendant George Hickman negligently, maliciously and in violation of plaintiff's employee and civil rights instituted an action that violated plaintiff's right to be safe from acts of racial discrimination and sexual harassment in the work place. The additional named defendants conspired individually and collectively to slander and defame plaintiff's character; prosecuted

---

[7] Title 28 U.S.C. § 1983 gives the authority to prosecute a civil action complaint in federal court against state officials.
[8] Title 28 U.S.C. § 1331 authrizes a civil action complaint to be procured in federal court against federal officials.

-15-

acts that amount to viable claims of obstructed justice, trespass, discrimination and conversion in violation of plaintiff's civil rights.

## RELIEF REQUESTED

The Plaintiff seeks injunctive relief to correct the conditions that are a direct result of the failure of AFS/L-3 to provide protection for its employees who are and may be subject to acts of discrimination, harassment, and/or acts of reprisal and retaliation in the workplace environment, for filing a complaint against another employee, or person in a supervisory position for violating the civil rights and/or rules of employee conduct. Plaintiff seeks additional injunctive relief from this honorable court, to compel the defendant's to refrain from the continuing acts that are part and a product of this complaint.

The Plaintiff seeks compensatory damages for legal expenses incurred, as well as for physical and mental anguish and suffering in the total amount of ten million ($10,000,000.00) dollars, and for punitive and troubled damages ten million ($10,000,000.00) dollars, as in this case the present civil rights violations and conditions in the workplace should not be condoned. The negligence of the defendants, in these regards has only enhanced the injuries herein that are of an extremely severe nature.

The defendants continue to deny a safe and equal work environment, as they are continuing to prosecute an action that denies plaintiff the same rights and privileges afforded employees under the equal employment opportunity protections. In this case, the grant of relief will serve the public interest because it is always in the public interest for employers' to obey the law.

**WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:**

## A. ISSUE A DECLARITORY JUDGMENT STATING THAT:

1. The defendant's are to refrain from any act or acts that can be inferred as an act of racial discrimination in the workplace; afford plaintiff the opportunity to be guaranteed the same rights and privileges afforded other employees, in compliance with Plaintiff's Fourth. Fifth, and Eighth Amendment rights under the United States Constitution.

2. Defendant Ken Demarko, has demonstrated a knowing and intelligent attempt to obstruct justice, and conversion of plaintiff's civil rights claim, by failing to remain impartial, and prosecuting acts and or actions that are contrary to the rules governing ethics and employee conduct and recommendation for sanctions of an employee or employee's who are reported to be in violation of another employee's civil or rights governing discrimination and harassment in the workplace. Defendant Demarko has denied plaintiff the protection and preservation of plaintiff's constitutionally protected rights while in the workplace. Defendant Demarko has allowed and condoned acts of reprisal against plaintiff, and violated the confidentiality of his investigative responsibility on behalf of other named defendants. Upon information and belief, defendant Demarko is a resident of the State of Alabama. Ken Demarko is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity. Demarko is being sued in the amount of Two Million ($2,000,000) Dollars.

3. Defendant Harry Smith, was at all times relevant to the allegations of this complaint is an employee of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's. Defendant Smith was and is plaintiff's

violate plaintiff's civil rights. Defendant Drysdale is being also being sued individually and in her official capacity in the amount of Two Million ($2,000,000) Dollars.

6. Verlene Bell-Foster, was at all times relevant to the allegations of this complaint an Equal Employment Opportunity Investigator for AFS/L-3 Communications, who was and is responsible for maintaining and guaranteeing a professional and safe work environment. Defendant Bell-Foster has demonstrated a knowing and intelligent attempt to obstruct justice, and conversion of plaintiff's civil rights claim. Defendant Bell-Foster failed to remain an impartial party to plaintiff's civil rights allegations. Defendant Bell-Foster, prosecuted acts and or actions that are contrary to the rules governing ethics and employee conduct and recommendation for sanctions of an employee or employee's who are reported to be in violation of another employee's civil or rights governing discrimination and harassment in the workplace.

7. Defendant Bell-Foster has denied plaintiff the protection and preservation of plaintiff's constitutionally protected rights while in the workplace. Defendant Bell-Foster has allowed and condoned acts of reprisal against plaintiff, and violated the confidentiality of his investigative responsibility on behalf of other named defendants. Upon information and belief, defendant Bell-Foster is a resident of the State of Alabama. Bell-Foster is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in her official capacity for being involved in a conspiracy to violate plaintiff's civil rights. Bell-Foster is being sued in the amount of Two Million ($2,000,000).

8. Defendant Edward Brown ("Brown") was, at all times relevant to the allegations of this complaint, an employee of defendant AFS, who was and is responsible for maintaining

and adhering to a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's Defendant Brown is being sued in his individual as well as official capacity for being involved in a conspiracy to violate plaintiff's civil rights and is being sued in the amount of Two Million ($2,000,000) Dollars.

9. Need to add new defendant's names and duties---------

10. Defendant John Doe One has been changed from the previous named defendant (Stephanie McGarvey's husband), and if the need arises through the discovery process to name a defendant currently listed as John Doe one, plaintiff hereby reserves that right. John Doe One is being sued individually in the amount of Two Million ($2,000,000) Dollars.

11. The plaintiff will further develop this complaint through the discovery process in an attempt to specify further violations by named defendants. Defendant's Army Fleet Support, and L-3 Communications have conspired with or condoned actions of the other named defendant's, through allowing named defendant's to control and deny plaintiff overtime, affecting interstate commerce; conversion or transfer in a manner that obstructs justice, and has failed to sanction or correct acts of reprisal taken against plaintiff for exercising her right and employee responsibility to document and report acts of discrimination in the workplace. Defendant's Army Fleet Support and L-3 Communications is being sued collectively, in the amount of Four Million ($4,000,000) Dollars, and individually in the amount of Two Million $2,000,000) Dollars.

12. Additional claims in support of this action will be further submitted in the subsequent amended complaints, and developed through interrogatories.

**B. ISSUE AN INJUNCTION ORDERING DEFENDANTS OR THEIR AGENTS TO:**

1. Compel Injunctive relief from the defendant's by compelling them to refrain from further prosecuting acts of retaliation and/or reprisal based upon plaintiff's EEOC and civil rights complaint. Compel AFS/L-3 Communications to afford plaintiff that same rights opportunities and privileges afforded other employees, that does not and will not amount to a viable claim of discrimination or reprisal.

2. Immediately arrange for the jury trial of this action, so that all of the relevant evidence, and the extent of the damages can be determined by a jury beyond a reasonable doubt;

3. Because of the need for Plaintiff to activate this civil action, in the attempt to compel defendants to refrain from prosecuting continuing and future actions against her, this complaint will be filed as it presently is, and will be further amended pursuant to the applicable rules of Federal Civil Procedure in the second and subsequent amended complaints. As plaintiff is prosecuting this action In Propria persona in want of counsel, she hereby further invokes the provisions of Haines v. Kerner, 404 U.S. 519, 520 S. Ct. 594, 30 L.Ed 2d 652 (1972), in that she is prosecuting this action, so that this action will be considered in the pro se forum and viewed liberally.

Wherefore, Plaintiff respectfully seeks to have this first complaint filed and docketed, in the initiation of this civil R.I.C.O. action, additional legal support and authorities, coupled with a further detailed series of events and/or actions of the defendant's will be further presented through the discovery process as necessary for the subsequent amended complaints. Plaintiff further respectfully moves that the court further provided the injunctive relief it deems necessary and proper.

-21-

Respectfully presented,

_Regina Bey-Wright_

Regina Bey-Wright, Pro se
In Propria Persona
126 Trent Road
Enterprise, Alabama 36330

## CERTIFICATE OF SERVICE

I Regina Bey-Wright do hereby affirm and attest that I have served copies to the civil action

R.I.C.O. complaint to the defendants by way of First Class Certified Prepaid mail on this 12 day

of February 2007. Signed pursuant to 28 U.S.C. § 1746.

_Regina Bey-Wright_

Regina Bey-Wright

Cc: RBW/me
    JBJ/pai

## CERTIFICATE OF SERVICE

I Regina Bey-Wright do hereby affirm and attest that I have served copies to the civil action

R.I.C.O. complaint to the

Equal Employment Opportunity Commission
Ridge Park, Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

by way of First Class Certified Prepaid mail on this 6th day November 2006, and 12th day of

February 2007. Signed pursuant to 28 U.S.C. § 1746.

_Regina Bey-Wright_

Regina Bey-Wright

Cc: RBW/me
    JBJ/pai

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                *exhibit A-1*

# DISMISSAL AND NOTICE OF RIGHTS

To: **Regina M. Bey-Wright**
   **126 Trent Road**
   **Enterprise, AL 36330**

From:  **Birmingham District Office**
       **Ridge Park Place**
       **1130 22nd Street, South**
       **Birmingham, AL 35205**

[ ]  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **130-2005-05538** | **Charles A. Hullett,**<br>**Investigator** | **(205) 212-2109** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

**Bernice Williams-Kimbrough,**
**District Director**

- 5 DEC 2005

*(Date Mailed)*

cc: **Darlene Whelan**
   **Director Human Resources/EEO**
   **ARMY FLEET SUPPORT**
   **P.O. Box 620309**
   **Fort Rucker, AL 36362**

FILED

2006 Feb-09 AM 11:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

200: --- -3  ::: 2: 4:2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALABAMA

CV-06-BE-0282-S

| | |
|---|---|
| Regina Bey-Wright, | * |
| Plaintiff – Petitioner, | * |
| | * |
| Vs | * Civil No. |
| | * **RICO COMPLAINT** |
| L-3 Communications, LLC | * Conspiracy to Violate Civil Rights, |
| Army Fleet Support, LLC | * Violation of Civil Rights, |
| George Hickman, | * Racial Discrimination in The Workplace |
| Ken Demarko, | * Sexual Harassment, Trespass, Conversion, |
| Stephanie McGarvey, | * Intentional Infliction of Emotional istress, |
| Lori Drysdale, | * Slander, Defamation of Character, Libel, |
| Verlene Bell-Foster, | * Negligent Infliction of Emotional Distress; |
| Edward Brown, | * AND for DECLARATORY JUDGMENT |
| John Doe One, | * and INJUNCTION |
| John Doe Two, | * |
| Jane Doe One, | * **JURY TRIAL DEMANDED** |
| Jane Doe Two, | * |
| Respondent - Defendant(s) | * |

## COMPLAINT

Regina Bey-Wright proceeding In Propria Persona, and Pro se,[1] in the above styled

action and numbered cause to be referred to hereinafter as "Plaintiff", respectfully moves

this most Honorable Court with a Civil R.I.C.O. Action complaint, against the above

named defendant's and hereby avers as follows:

## PRELIMINARY STATEMENT

1) This action is a CIVIL action R.I.C.O. complaint filed by Regina Bey-Wright the

   Plaintiff herein, who is a civilian government employee of Army Fleet Support P.O.

   Box 620309, a division of L-3 Communications a civilian contractor at Fort Rucker,

---

[1] See Haines v. Kerner, 404 U.S. 519, 520 S.Ct. 594, 30 L.Ed 2d 652 (1972) ("[A]llegations such as those ascertained by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence").

Alabama 36362. This complaint is filed against Army Fleet Support ("AFS"), L-3 Communications, George Hickman, Ken Demarko, Harry Smith, Stephanie McGarvey, Lori Drysdale, Verlene Bell-Foster, Edward Brown, John Doe One, John Doe Two, Jane Doe One, Jane Doe Two and other defendants who will be further identified as this civil action complaint progresses.

2) Plaintiff initiates this civil action against the named defendants in their individual as well as official capacities, and seeks monetary and punitive damages against said defendants, for their activity and involvement in a conspiracy to violate plaintiffs civil and constitutionally protected rights. Defendants acts and/or actions involve and amounts to acts of racial discrimination in the work place, coupled with additional acts of condoning thereof, through acts of reprisal and cover-up.

3) Plaintiff seeks declaratory judgment and injunctive relief, arising from defendant's L-3 Communications, ("L-3"), Army Fleet Support ("AFS"), George Hickman ("Hickman"), Ken Demarko ("Demarko"), Harry Smith ("Smith"), Lori Drysdale ("Drysdale"), Stephanie McGarvey ("McGarvey"), Verlene Bell-Foster ("Bell-Foster"), Edward Brown ("Brown"), and other defendant's to be named as they are identified through the discovery process, for prosecuting acts of racial discrimination in the workplace, and/or supporting thereof, through cover-up and conversion, in both their individual and official capacities. These named defendants have been, and are involved in the conspiracy of instituting acts of reprisal and retaliation against plaintiff, in violation of Title 42 United States Code §§ 1983, and 1331, as well as the Notification and Federal Anti Discrimination Act of 2002.

4) This action seeks to prevent and redress the violation and deprivation of the rights, privileges and immunities secured by the United States Constitution and the Amendments thereto, as well as the criminal and civil laws of the United States. This action seeks to further prevent and redress the rights, privileges and immunities secured by the Constitution for the State of Alabama and the laws thereof, under common law principles, and to obtain recovery for damages proximately caused by defendant's in so violating those rights and principles.

5) Plaintiff brings the following claims:

    I. Fourth Amendment Violation (Unreasonable Search and Seizure; Privacy) against defendant Hickman, for invading plaintiff's personal property, through an act of inappropriate and/or sexual harassment in the work place, when he intentionally and maliciously touched plaintiff's breast;

    II. Fourth Amendment Violation against defendant's L-3 and AFS, for condoning and/or failing to correct or initiate sanctions for a deliberate act of unlawful and unreasonable search and seizure by its employees in management positions, further involving invasion of privacy, racial discrimination and sexual harassment;

    III. Fifth Amendment Violation (Due Process, Privacy) by all defendant's Army Fleet Support, Ken Demarko, Code of Ethics Officer, for AFS; Verlene Bell-Foster, Equal Employment Opportunity ("EEO") investigator for AFS; Stephanie McGarvey, Supervisor of AFS; Edward Brown, Employee of AFS; John Doe One, Husband of Stephanie McGarvey, as well as other John and Jane Does not identified at this time;

-3-

IV.  Fifth Amendment Violation (Due Process; Privacy) by all named defendant's against plaintiff;

V.  Eighth Amendment Violation (Cruel and Unusual Punishment) by all named defendants against plaintiff;

VI.  Conspiracy to Violate the Fourth, Fifth, and Eighth Amendments by all named defendants against plaintiff;

VII.  Trespass by defendant's Hickman, Demarko, Bell-Foster, McGarvey, and John Doe One;

VIII.  Conversion by all defendant's against plaintiff;

IX.  Violation, by defendant's in supervisory, investigative, and employee positions of the Governing Rules of Employee Conduct, and Professional Ethics;

X.  Intentional infliction of Emotional Distress by Defendants Hickman, McGarvey, Demarko, Bell-Foster, Smith, Drysdale, Brown, and John Doe One against Plaintiff;

XI.  Negligent infliction of Emotional Distress by Defendants Hickman, McGarvey, Demarko, Bell-Foster, Smith, Drysdale and John Doe One against plaintiff's protected constitutional and civil rights;

XII.  Declaratory Judgment against all Defendants, on behalf of Plaintiff; and

XIII.  Injunction against all defendants on behalf of plaintiff.


## JURISDISTION AND VENUE

6.  This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, insofar as a substantial question of Federal Law is

involved, arising under the United States Constitution, in particular, the Fourth, Fifth and Eighth Amendments thereto. Subject matter jurisdiction is additionally vested in this court to hear this action pursuant to § 1964 (c) of R.I.C.O., Title 18 U.S.C. § 1964, as the named defendant's initiated an organized effort collectively and individually, to violate plaintiff's civil rights. Jurisdiction is vested under 18 U.S.C. 1961, as the defendants committed two acts that are consistent with a racketeering activity[2]

7.  This Court has personal jurisdiction over each of the defendants pursuant to 18 U.S.C. § 1965 (a).

8.  This Court has supplemental jurisdiction over the state law claims arising under the laws of the state of Alabama, and the Common law principles set forth under 28 U.S.C. § 1367 (a), insofar as the state and common law claims are transactionally related to other claims in this action, that are within this Courts original jurisdiction, such that they form a part of the same case or controversy under Article III of the United States Constitution.

9.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965 (a), insofar as it is the judicial district in which a substantial part and party of the events or omissions and/or actions giving rise to the claim occurred.

10.  While there is no jurisdictional amount required in connection with 28 U.S.C. § 1331 and 1367 (a), the amount in controversy, exclusive of interest, troubled damages, and costs, far exceeds the sum of $50,000.00. The Civil RICO defined under 18 U.S.C. §

---

[2] The acts committed by defendants are consistent with a violation of 18 U.S.C. § 1503 relating to the obstruction of justice; and § 1951, relating to interference with commerce, in the act of controlling overtime monetary earnings for select employees, and denying plaintiff the fair opportunity to work over time, to increase personal revenue, in violation of 29 U.S.C. § 186, collectively.

1964 (c) affords a successful plaintiff the opportunity to obtain treble damages and attorney fees.[3]

## PARTIES

11.  Plaintiff Regina Bey-Wright is a civilian employee of Army Fleet Support, a division of L-3 Communications, a civilian government contract at Fort Rucker, Alabama. Plaintiff is a United States Citizen residing in the Township of Enterprise, within the State of Alabama.

12.  Defendants Army Fleet Support, on information and belief is a party and part of a corporation called L-3 Communications, which is incorporated and subject to federal law,[4] and the laws of the state of Alabama. These named defendants are presently authorized to, and doing business under government contracts at the United States Army, Military Post located at Fort Rucker, Alabama. At all times relevant to this complaint, Army Fleet Support, herein after "AFS" was and is engaged in the business of safety, service, maintenance and repair of helicopters stationed at the Fort Rucker Military Post, within this judicial district, and being sued in its official capacity.

13.  Defendant George Hickman ("Hickman") was, at all times relevant to the allegations of this complaint, a safety officer and/or supervisory staff employee of AFS, under the purview of L-3 Communications. Upon information and belief, defendant Hickman is a resident of the State of Alabama. George Hickman is being sued individually and as

---

[3] The attorney fees at present, since Ms. Bey-Wright is prosecuting this action pro se, would amount to the costs of litigation and a respective hourly fee, that will be further enhanced upon the joining of standby and/or retained legal counsel.

[4] Any corporation doing business within the continental United States is subject to the Federal laws and restrictions thereof.

another employee's civil or rights governing discrimination and harassment in the workplace. Upon information and belief, defendant Demarko is a resident of the State of Alabama. Ken Demarko is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity.

15. Defendant Harry Smith ("Smith") was, at all times relevant to the allegations of this complaint is a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under his control and supervision. Harry Smith is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity.

16. Stephanie McGarvey ("McGarvey") was, at all times relevant to the allegations of this complaint a shift supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Stephanie McGarvey is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in her official capacity.

17. Lori Drysdale ("Drysdale") was, at all times relevant to the allegations of this complaint is a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's

under her control and supervision. Stephanie McGarvey is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in her official capacity.

17. Lori Drysdale ("Drysdale") was, at all times relevant to the allegations of this complaint is a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Lori Drysdale is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in her official capacity.

18. Verlene Bell-Foster ("Bell-Foster") was, at all times relevant to the allegations of this complaint an Equal Employment Opportunity Investigator for AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Bell Foster is vested with the authority and responsibility to conduct a fair, complete, and unbiased investigation of a complaint of discrimination in the workplace. Bell Foster is being sued individually as well as in her official capacity.

19. Defendant Edward Brown ("Brown") was, at all times relevant to the allegations of this complaint, an employee of defendant AFS, who was and is responsible for maintaining and adhering to a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's.

-8-

20.  Defendant John Doe One on information and belief is the husband of Defendant
     Stephanie McGarvey, and is not a worker contracted at or affiliated professionally
     with AFS. This defendant came into an unauthorized (to non employee personnel)
     area of the government work site and in a conspiratorial agreement initiated an act of
     intimidation against plaintiff in the work place. This action of John Doe One amounts
     to intimidation, as well as reprisal and/or retaliation with the expressed knowledge,
     and in a conspiratorial agreement with defendant Stephanie McGarvey, based on
     belief of his knowledge of an EEOC (Civil rights) complaint. John Doe One, to later
     be identified through the discovery process is being sued individually, and as an
     agent, servant or conspiracy with an employee (Stephanie McGarvey) in a
     supervisory position of AFS/L-3 Communications, acting in her official capacity.

### PROCEDURAL BACKGROUND

Plaintiff began employment as a Service Attendant on or about October 2001, for a
civilian contractor located at Fort Rucker as an employee in good standing. Plaintiff
maintained a position of Material Specialists with Army Fleet Support, upon AFS being
awarded a contract at Fort Rucker. On or about March 24, 2005 a male employee entered
the tool room where plaintiff worked without identifying himself, or stating the purpose of
his entry. This individual began to search through cabinets, and then began to ask plaintiff
questions in a rapid-fire manner, without affording plaintiff the opportunity to respond.

When plaintiff attempted to ask questions, in an attempt to identify this person he
would not respond. During this time, and in the presence of a male Caucasian co-worker
this individual began speaking to plaintiff in a degrading and demeaning manner, in direct
violation of the rule governing employee conduct, while being respectful to the other co-

Hickman took out a can of scouring powder, handed it to plaintiff, saying in a demeaning manner that it needed to be turned in. Defendant Hickman then immediately aggressively snatched the can from plaintiff's hand, [6]stating that he would take care of it. During the whole period in the tool room, defendant Hickman failed to identify himself, or state his purpose for being in the tool room.

Approximately two minutes later, Harry Smith walked into the tool room, upon which time defendant Hickman stated: "You sure don't have any good help around here Harry. I found these expired items." As defendant Hickman, Harry Smith and I were leaving the tool room, Hickman asked, "What's your name?" Before plaintiff could respond, defendant Hickman aggressively grabbed my ID badge while touching my breast turning the badge around to look at it.[7] Further investigation[8] revealed that defendant Hickman had singled out the plaintiff because of her race.

Plaintiff reported this situation by way of a complaint to Army Fleet Support on or about June 21, 2005, who stated on or about July 7, 2005, that George Hickman's behavior was not the point to where it violated Title VII of Army Fleet Support Equal Employment Opportunity.[9] This action concerns matters that involve the action in which plaintiff initiated a complaint against supervisory employee George Hickman of AFS, on or about June 21 2003. The Birmingham Office of the EEOC mailed plaintiff with a "Right to sue letter" on about December 5, 2005, of which plaintiff did not receive until on or about December 9, 2005, to wit this pleading and complaint is deemed timely filed.

---

[6] Defendant Hickman had the opportunity to ask for the plaintiff to hand him the can, but failed to do so instead aggressively removing the can from her hand.
[7] There was ample opportunity for defendant Hickman to ask plaintiff for her name and to hand him her identification.
[8] A shop Stewart conducted an investigation interviewing several Caucasian co-workers who all stated that defendant Hickman never treated them in the same manner.
[9] Conclusive evidence exists that indicates falsification of government documentation, in violation of the federal rules of criminal procedure.

Plaintiff reported this situation by way of a complaint to Army Fleet Support on or about June 21, 2005, who stated on or about July 7, 2005, that George Hickman's behavior was not the point to where it violated Title VII of Army Fleet Support Equal Employment Opportunity.[9] This action concerns matters that involve the action in which plaintiff initiated a complaint against supervisory employee George Hickman of AFS, on or about June 21 2003. The Birmingham Office of the EEOC mailed plaintiff with a "Right to sue letter" on about December 5, 2005, of which plaintiff did not receive until on or about December 9, 2005, to wit this pleading and complaint is deemed timely filed.

The aftermath of this action had been ongoing, in that plaintiff has been subjected to acts of reprisal and cover up by named defendants. The RICO action involves a violation of civil rights, and federal law, in that plaintiff has been discriminated in the workplace, and there has been active obstruction of justice in these regards that violated plaintiffs rights; The defendant's have in an organized effort, collectively and individually, controlled job assignments, transfers, and opportunity for overtime pay, that is an activity that effects commerce; as well as additional violations that will affirmatively support this RICO complaint. The purpose of identifying and clarifying the actions of defendant Hickman, and the other named defendant's will be further developed in the subsequent amended complaints from the written record[10].

---

[8] A shop Stewart conducted an investigation interviewing several Caucasian co-workers who all stated that defendant Hickman never treated them in the same manner.

[9] Conclusive evidence exists that indicates falsification of government documentation, in violation of the federal rules of criminal procedure.

[10] The written record referred to herein, revolves around the e-mail, accompanying correspondences between AFS supervisory and investigative staff, as well as the EEOC complaint that was filed.

-11-

## LEGAL PRINCIPLES

The Plaintiff asserts that he is well aware of the requirements of <u>Porter v. Nussle</u>, 122 S. Ct. 983 (2002), and <u>Booth v. Churner</u>, 121 S. Ct. 1891 (2001). "No action shall brought with respect to prison conditions under section 42 U.S.C. § 1983,[11] or 28 U.S.C. § 1331[12] of the Title, or any other Federal law, until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997 (e) (a). The Plaintiff asserts that the administrative remedy process has been completed, and she has been issued a "Right to Sue" Letter from the EEOC, based upon actions that are the foundation for this civil complaint.

The second part of this complaint, to be amended hereafter, is to state a claim for the mental aguish as a direct result of the actions of the named defendants. Plaintiff has already suffered and still being subjected to the injuries that are the foundation of this complaint pursuant to a 42 U.S.C. § 1983, and 28 U.S.C.§ 1331(a) Bivens Action; as well as 18 U.S.C. § 1964 to which relief is warranted. That the defendants have violated two or more acts under state and federal statutes that will affirmatively support the RICO action complaint.

The third part of this complaint to be amended hereafter is to assert that suffering from the negligence of defendants to correct the workplace conditions. Not only have named defendant's failed to correct and/or refrain from acts or actions that are the subject to this complaint, but also said defendants are prosecuting additional actions of threats, intimidation, and conversion against plaintiff, in violation of the Fourth, Fifth and Eighth Amendments.

---

[11] Title 28 U.S.C. § 1983 gives the authority to prosecute a civil action complaint in federal court against state officials.

[12] Title 28 U.S.C. § 1331 authrizes a civil action complaint to be procured in federal court against federal officials.

The Plaintiff asserts that this action is being prosecuted against the defendants in their individual, as well as official capacities. This complaint is based on acts or actions in which the defendant George Hickman negligently, maliciously and in violation of plaintiff's employee and civil rights instituted an action that violated plaintiff's right to be safe from acts of racial discrimination and sexual harassment in the work place. The additional named defendants conspired individually and collectively to slander and defame plaintiff's character; prosecuted acts that amount to viable claims of obstructed justice, trespass, discrimination and conversion in violation of plaintiff's civil rights.

## RELIEF REQUESTED

The Plaintiff seeks injunctive relief to correct the conditions that are a direct result of the failure of AFS/L-3 to provide protection for its employees who are and may be subject to acts of discrimination, harassment, and/or acts of reprisal and retaliation in the workplace environment, for filing a complaint against another employee, or person in a supervisory position for violating the civil rights and/or rules of employee conduct. Plaintiff seeks additional injunctive relief from this honorable court, to compel the defendant's to refrain from the continuing acts that are part and a product of this complaint.

The Plaintiff seeks compensatory damages for legal expenses incurred, as well as for physical and mental anguish and suffering in the total amount of ten million ($10,000,000.00) dollars, and for punitive and troubled damages ten million ($10,000,000.00) dollars, as in this case the present civil rights violations and conditions in the workplace should not be condoned. The negligence of the defendants, in these regards has only enhanced the injuries herein that are of an extremely severe nature.

-13-

The defendants continue to deny a safe and equal work environment, as they are continuing to prosecute an action that denies plaintiff the same rights and privileges afforded employees under the equal employment opportunity protections. In this case, the grant of relief will serve the public interest because it is always in the public interest for employers' to obey the law.

### WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:

### A.  ISSUE A DECLARITORY JUDGMENT STATING THAT:

1.  The defendant's are to refrain from any act or acts that can be inferred as an act of racial discrimination in the workplace; afford plaintiff the opportunity to be guaranteed the same rights and privileges afforded other employees, in compliance with Plaintiff's Fourth. Fifth, and Eighth Amendment rights under the United States Constitution.

2.  Defendant Ken Demarko, has demonstrated a knowing and intelligent attempt to obstruct justice, and conversion of plaintiff's civil rights claim, by failing to remain impartial, and prosecuting acts and or actions that are contrary to the rules governing ethics and employee conduct and recommendation for sanctions of an employee or employee's who are reported to be in violation of another employee's civil or rights governing discrimination and harassment in the workplace. Defendant Demarko has denied plaintiff the protection and preservation of plaintiff's constitutionally protected rights while in the workplace. Defendant Demarko has allowed and condoned acts of reprisal against plaintiff, and violated the confidentiality of his investigative responsibility on behalf of other named defendants. Upon information and belief, defendant Demarko is a resident of the State of Alabama. Ken Demarko is being sued

-14-

individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity. Demarko is being sued in the amount of Two Million ($2,000,000) Dollars.

3. Defendant Harry Smith, was at all times relevant to the allegations of this complaint is a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under his control and supervision. Defendant Smith was and is plaintiff's direct supervisor, who was a witness to the racial discrimination, and responsible for providing protection for his subordinate employees from acts of racial discrimination in the workplace, as well as subsequent acts of reprisal, slander, defamation of character and/or intimidation. Harry Smith is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in his official capacity in the amount of Two Million ($2,000,000) Dollars.

4. Stephanie McGarvey, was at all times relevant to the allegations of this complaint an employee/supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Stephanie McGarvey is being sued individually, and in conjunction with her acts of reprisal, by way of conspiring with her husband (John Doe One) who entered the workplace in an unauthorized manner, and prosecuted an act of intimidation, as a direct act to obstruct justice. Defendant McGarvey through acts of slander, defamation of character, conversion, and trespass acted as an agent,

-15-

servant or employee under the color of a supervisory position of AFS/L-3 Communication. Defendant McGarvey is being sued in her individual, as well as in her official capacity, in the amount of Two Million ($2,000,000) Dollars.

5. Lori Drysdale ("Drysdale") was, at all times relevant to the allegations of this complaint is a supervisor of AFS/L-3 Communications, who was and is responsible for maintaining a professional and safe work environment that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's under her control and supervision. Lori Drysdale is being sued individually, and as an agent, servant or employee for being involved in a conspiracy to violate plaintiff's civil rights. Defendant Drysdale is being also being sued individually and in her official capacity in the amount of Two Million ($2,000,000) Dollars.

6. Verlene Bell-Foster, was at all times relevant to the allegations of this complaint an Equal Employment Opportunity Investigator for AFS/L-3 Communications, who was and is responsible for maintaining and guaranteeing a professional and safe work environment. Defendant Bell-Foster has demonstrated a knowing and intelligent attempt to obstruct justice, and conversion of plaintiff's civil rights claim, by failing to remain impartial, and prosecuting acts and or actions that are contrary to the rules governing ethics and employee conduct and recommendation for sanctions of an employee or employee's who are reported to be in violation of another employee's civil or rights governing discrimination and harassment in the workplace. Defendant Bell-Foster has denied plaintiff the protection and preservation of plaintiff's constitutionally protected rights while in the workplace. Defendant Bell-Foster has allowed and condoned acts of reprisal against plaintiff, and violated the confidentiality of his

-16-

investigative responsibility on behalf of other named defendants. Upon information and belief, defendant Bell-Foster is a resident of the State of Alabama. Bell-Foster is being sued individually, and as an agent, servant or employee in a supervisory position of AFS/L-3 Communications, as well as in her official capacity for being involved in a conspiracy to violate plaintiff's civil rights. Bell-Foster is being sued in the amount of Two Million ($2,000,000).

7. Defendant Edward Brown ("Brown") was, at all times relevant to the allegations of this complaint, an employee of defendant AFS, who was and is responsible for maintaining and adhering to a professional and safe work environment, that is free from racial discrimination, and/or acts of reprisal/retaliation prosecuted against employee's Defendant Brown is being sued in his individual as well as official capacity for being involved in a conspiracy to violate plaintiff's civil rights and is being sued in the amount of Two Million ($2,000,000) Dollars.

8. Defendant John Doe On, on information and belief is the husband of Defendant Stephanie McGarvey, and is not a worker contracted at or affiliated professionally with AFS. This defendant came into an unauthorized (to non employee personnel) area of the government work site and in a conspiratorial agreement initiated an act of intimidation against plaintiff in the work place. This action of John Doe One amounts to intimidation, as well as reprisal and/or retaliation with the expressed knowledge, and in a conspiratorial agreement with defendant Stephanie McGarvey, based on belief of his knowledge of an EEOC (Civil rights) complaint. John Doe One, to later be identified through the discovery process is being sued individually, and as an agent, for being involved in a conspiracy to violate plaintiff's civil rights as a servant in the active

-17-

conspiracy with an employee (Stephanie McGarvey) of AFS/L-3 Communications, acting in her official capacity. John Doe One is being sued individually in the amount of Two Million ($2,000,000) Dollars.

9. The plaintiff will further develop this complaint through the discovery process in an attempt to specify further violations by named defendants. Defendant's Army Fleet Support, and L-3 Communications have conspired with or condoned actions of the other named defendant's, through allowing named defendant's to control and deny plaintiff overtime, affecting interstate commerce; conversion or transfer in a manner that obstructs justice, and has failed to sanction or correct acts of reprisal taken against plaintiff for exercising her right and employee responsibility to document and report acts of discrimination in the workplace. Defendant's Army Fleet Support and L-3 Communications is being sued collectively, in the amount of Four Million ($4,000,000) Dollars, and individually in the amount of Two Million $2,000,000) Dollars.

10. Additional claims in support of this action will be further submitted in the subsequent amended complaints, and developed through interrogatories.

**B. ISSUE AN INJUNCTION ORDERING DEFENDANTS OR THEIR AGENTS TO:**

1. Compel Injunctive relief from the defendant's by compelling them to refrain for further prosecuting acts of retaliation and/o reprisal based upon plaintiff's EEOC and civil rights complaint. Compel AFS/L-3 Communications to afford plaintiff that same rights opportunities and privileges afforded other employees, that does not and will not amount to a viable claim of discrimination or reprisal.

2. Immediately arrange for the jury trial of this action so that all of the relevant evidence, and the extent of the damages can be determined by a jury beyond a reasonable doubt;

3. Because of the need for Plaintiff to activate this civil action, in the attempt to compel defendants to refrain from prosecuting continuing and future actions against her, this complaint will be filed as it presently is, and will be further amended pursuant to the applicable rules of Federal Civil Procedure in the second and subsequent amended complaints. As plaintiff is prosecuting this action In Propria persona in want of counsel, she hereby further invokes the provisions of <u>Haines v. Kerner</u>, 404 U.S. 519, 520 S. Ct. 594, 30 L.Ed 2d 652 (1972), in that she is prosecuting this action in the pro se forum, so that this action will be considered in the pro se forum and viewed liberally.

Wherefore, Plaintiff respectfully seeks to have this first complaint filed and docketed, in the initiation of this civil R.I.C.O. action, additional legal support and authorities, coupled with a further detailed series of events and/or actions of the defendant's will be further presented through the discovery process and necessary for the subsequent amended complaints. Plaintiff further respectfully moves that the court further provided the injunctive relief it deems necessary and proper.

Respectfully presented,

Regina Bey-Wright, Pro se
In Propria Persona
127 Trent Road
Enterprise, Alabama 36330

-19-

## CERTIFICATE OF SERVICE

I Regina Bey-Wright do hereby affirm and attest that I have served copies to the Civil action R.I.C.O. complaint to the defendants by way of First Class Certified Prepaid mail on this 30th day of January 2006. Signed pursuant to 28 U.S.C. § 1746.

                                          Regina Bey-Wright
                                          In Propria Persona
                                          127 Trent Road
                                          Enterprise, Alabama

Cc: RBW/me
     JBJ/pai