IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINA BEY-WRIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-745-WKW-TFM |
| | ) |
| L-3 COMMUNICATIONS, LLC, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is an Order for Plaintiff Regina Bey-Wright ("Plaintiff") to Show Cause as to why she has failed to cause service to be made upon the defendants to this action in accordance with Federal Rule of Civil Procedure 4(m). (Doc. #11, entered August 23, 2007). Plaintiff originally filed this action in the United States District Court for the Northern District of Alabama on February 8, 2006. That Court granted Plaintiff's motion to dismiss the action on March 6, 2006. Plaintiff's motion to reinstate the action and file an amended complaint was granted on April 6, 2007. On August 21, 2007, the case was transferred to this Court. The record showed Plaintiff had not caused service to be made upon the 18 individual and two corporate defendants to this action within the time allowed in Rule 4(m).[1] Plaintiff has failed to respond to the Order to Show Cause.

The Federal Rules of Civil Procedure are intended to "be construed and administered

---

[1]The transferral of an action to another United States District Court does not restart a plaintiff's time for service of process under Rule 4(m). *See Giacomo-Tano v. Levine*, No. 98-2060, 1999 WL 976481 (4th Cir. Oct. 27, 1999) (unpublished).

to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P.

1. These rules govern the procedural life of civil actions pending in the United States District

Courts.  Parties appearing in cases pending in federal court must comply with the dictates of

the Federal Rules of Civil Procedure.  A federal civil action is commenced by the filing of

a complaint with the Court.  Fed. R. Civ. P. 3.  After filing a lawsuit, a plaintiff is responsible

for service of a summons and a copy of the complaint of defendant(s) within the time allowed

for service under Federal Rule of Civil Procedure 4(m).  Fed. R. Civ. P. 4(c)(1).  While a

plaintiff may request that a defendant waive service of summons, the defendant need not do

so and may insist upon formal service.  Fed. R. Civ. P. 4(d).  If service is not waived, the

person effecting service shall make proof thereof to the Court.  Fed. R. Civ. P. 4(l).

The Federal Rules of Civil Procedure also address the time within which a plaintiff

must serve the complaint.

> If service of the summons and complaint is not made upon a defendant within
> 120 days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, s*hall dismiss the action without prejudice
> as to that defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the court shall
> extend the time for service of an appropriate period. . . .*

Fed. R. Civ. P. 4(m) (emphasis added).  The Advisory Committee Notes explain that this rule

requires a court to extend the time for service where the plaintiff shows good cause for

failing to serve the defendant within the 120 days and "authorizes the court to relieve a

plaintiff of the consequences of an application of this subdivision even if there was not good

cause shown."  Advisory Committee's Note to 1993 amendment of Fed. R. Civ. P. 4(m).  The

Advisory Committee Notes further provide that even in the absence of good cause for failure

to serve within the 120 days, additional time for service may be justified where the applicable

statute of limitations would bar the refiled action or if the defendant is evading service or

conceals a defect in the attempted service. *Id*. The Eleventh Circuit explicitly held that Rule

4(m) "grants discretion to the district court to extend the time for service of process even in

the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129,

1132 (11th Cir. 2005).

The Order to Show Cause provided Plaintiff with notice of its intent to dismiss this

action without prejudice absent a showing of good cause for non-compliance with Rule 4(m).

Plaintiff's failure to respond to the Order relieves this Court of the task of determining

whether good cause exists for non-compliance. Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this action be dismissed without

prejudice pursuant to Federal Rule of Civil Procedure 4(m).

***It is further ORDERED that the parties shall file any objections to the said***

***Recommendation by September 18 , 2007.*** Any objections filed must specifically identify the

findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of September, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE